Filed 3/24/26  P. v. Arbuckle CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　　　v.<br><br>ANDREW AUSTIN ARBUCKLE,<br><br>　　Defendant and Appellant. | G065361<br><br>(Super. Ct. No. 20HF1151)<br><br>O P I N I O N |

　　　　　　Appeal from a judgment of the Superior Court of Orange County, Lance P. Jensen, Judge. Affirmed.

　　　　　　Andrew Austin Arbuckle, in pro.per.; and Laura Arnold, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　　　　No appearance for Plaintiff and Respondent.

　　　　　　Andrew Austin Arbuckle appeals from his convictions for felony hit-and-run and driving on a suspended license. After examining the record,

his appointed appellate counsel filed a brief setting forth the facts of the case, raising no issues, and asking this court to independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*). Arbuckle filed a supplemental brief. After independently reviewing the record, we find no arguable issue and affirm the judgment.

FACTS

Late one evening in summer 2020, Arbuckle hit a man with his truck while driving through a hotel parking lot in Laguna Hills. The man later died from his injuries.

Arbuckle was charged with felony hit-and-run (Veh. Code, § 20001, subd. (a) & (b)(2)) and driving on a suspended license (*id.,* § 14601.2, subd. (a)). The information further alleged he had a prior "strike" from 2004 for making criminal threats (Pen. Code, § 422).

Before trial began in June 2024, the trial court explained Arbuckle's options for the prior; explained his rights to a trial, to confront witnesses, and to testify or not testify; and bifurcated the prior at the defense's request. Arbuckle pleaded guilty to driving on a suspended license. Trial on the remaining charge ended in a mistrial due to Arbuckle's health.

At the beginning of the second trial in October, the trial court bifurcated the prior allegation again at the defense's request—Arbuckle and his counsel confirmed that if found guilty, he would either admit the prior or request a court trial. The jury found Arbuckle guilty on the hit-and-run charge.

After the verdict, when the trial court asked how Arbuckle would like to proceed on the prior, defense counsel said he would speak with his client. In January 2025, Arbuckle admitted the prior on the record.

2

At sentencing the following month, the trial court indicated it had considered Penal Code section 1385 and *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 but found no reason to strike the prior for purposes of sentencing, noting this was a "tragic case" that Arbuckle could have prevented. The court then sentenced Arbuckle to six years for the hit-and-run (the middle term of three years, doubled due to the strike) and suspended the imposition of sentence on the other charge.

DISCUSSION

After examining the record, appointed appellate counsel filed a brief raising no issues and asking this court to independently review the record pursuant to *Wende, supra*, 25 Cal.3d 436, and *Anders, supra*, 386 U.S. 738. To assist this court with its independent review, counsel identified the following issue that might arguably support an appeal: whether Arbuckle's January 2025 waiver of his right to trial on the prior was knowing, intelligent, and voluntary, given he had been advised of his trial rights on that allegation in June 2024 and was not subsequently readvised.

We see no issue. Considering the totality of the circumstances, we find Arbuckle made a knowing and voluntary waiver of his right to trial on the prior. (See *People v. Mosby* (2004) 33 Cal.4th 353, 360–361 [admission of prior immediately after jury guilty verdict is voluntary and intelligent, even without express waiver of trial rights, if totality of circumstances so indicate].) True, Arbuckle admitted the prior nearly three months after the jury verdict, and seven months after the initial admonitions about his trial rights. But he was represented by the same counsel at all relevant points in the proceedings, and the record suggests he conferred with counsel about next steps after the verdict and before admitting the prior. Given those circumstances, a reasonable person in his position would not have been likely

3

to forget or become confused about his constitutional rights. (Cf. *People v. Lloyd* (2015) 236 Cal.App.4th 49, 52, 59 [defendant's admission of prior over seven months after jury verdict and nearly 15 months after being advised of rights was involuntary where defendant's trial counsel was relieved post-verdict due to conflict and new counsel was appointed].)

This court invited Arbuckle to submit a supplemental brief raising any argument he wished this court to consider. In response, he argued that he received ineffective assistance of counsel because his lawyer failed to make a *Romero* motion. We are unpersuaded. Regardless of whether counsel made a motion, the trial court noted it had considered the *Romero* factors before declining to strike the prior.

Arbuckle also contends the trial court abused its discretion by sentencing him on the prior, which he asserts was over 20 years old and had nothing to do with his current conviction. We discern no abuse of discretion. The record confirms the trial court was aware of the prior's age, and in the absence of evidence to the contrary, we presume the court considered all relevant factors and properly applied the law. (*People v. Brugman* (2021) 62 Cal.App.5th 608, 637; see *People v. Carmony* (2004) 33 Cal.4th 367, 378 [three strikes law creates strong presumption that sentence is proper; court abuses its discretion in failing to strike a prior only in limited circumstances, none of which apply here].)

Finally, we have independently examined the record. We found no arguable issues. (*Wende, supra*, 25 Cal.3d 436.)

4

## DISPOSITION

The judgment is affirmed.


SCOTT, J.

WE CONCUR:


MOORE, ACTING P. J.


SANCHEZ, J.